IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MOLLY SWANSON**                                                                                                                  **PLAINTIFF**

**V.**                                                                **CIVIL ACTION NO. 3:17cv088-MPM-RP**

**ROBERT HEMPSTEAD**                                                                           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Presently before the Court is plaintiff Molly Swanson's ("Swanson") *Motion to Remand* [5]. Defendant, Robert Hempstead ("Hempstead"), filed a response in opposition to the Motion [8]. The Court has considered the submissions of the parties, along with relevant case law and evidence, and is now prepared to rule.

**I.**     **FACTUAL BACKGROUND**

On July 5, 2016, Swanson filed a complaint in the County Court of Desoto County, Mississippi alleging damages resulting from a vehicle collision. Swanson alleges Hempstead was negligent in driving a vehicle involved in the collision in which Swanson was a passenger. In her complaint, Swanson requests monetary damages arising from bodily injury, physical pain and emotional distress, medical expenses, temporary disability, and property damage, as well as punitive damages.

On December 28, 2016, Swanson submitted a letter to Hempstead demanding $110,000 as a final settlement of her claim or the maximum amount allowable under Hempstead's insurance policy, whichever amount is less. The demand letter stated:

> In light of the expenses, pain and suffering, and emotional trauma Mrs. Swanson has endured since this motor vehicle accident occurred, my client has authorized me to demand the sum of $110,000.00 as full and final settlement of the bodily injury of this claim or policy limits, whichever is less. If it is policy limits a waiver of subrogation from the UIM provider will be condition to settlement.

Swanson alleges that Hempstead's policy limit is $25,000.

On May 4, 2017, Hempstead filed a notice of removal alleging diversity had been perfected, and the amount in controversy exceeds $75,000. On May 26, 2017, Swanson moved to remand the case back to county court on the grounds that the amount in controversy does not exceed $75,000. On June 6, 2017, Hempstead filed a response in opposition to Swanson's motion to remand.

## II. LEGAL STANDARD

"[F]ederal courts are courts of limited jurisdiction, having 'only the authority endowed by the Constitution and that conferred by Congress.'" *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (quoting *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982)). The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Upon removal, a plaintiff may move to remand the action to state court, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). However, "removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214

2

(1941)). "Any ambiguities are construed against removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). Furthermore, "[t]he removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)).

For removal to be proper, Hempstead must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id*. at 1412. "[T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *Id*. "[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *Id*.; *See also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938); *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003).

### III.  DISCUSSION

Federal diversity jurisdiction exists only where there is complete diversity between all plaintiffs and all defendants, and the amount in controversy between the parties exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). The parties do not dispute complete diversity. The dispute lies in whether the amount in controversy exceeds $75,000.

Swanson asserts that the amount demanded on December 28, 2016 to settle her claim was either less than $75,000 or ambiguous. She first asserts that because she demanded the lesser of $110,000 or policy limits and Hempstead has a bodily injury policy limit of $25,000, the amount

3

demanded was $25,000. Alternatively, Swanson asserts that if the amount is ambiguous, then the Court must consider a post-removal stipulation by Swanson's counsel stating that he will not seek or accept a judgment against Hempstead of greater than $75,000 and that he believed this at the time of removal.

**A.     Hempstead has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.**

The Court may "determine[] whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $75,000." *Brasell v. Unumprovident Corp.*, No. 2:01CV202-D-B, 2001 WL 1530342, at *1 (N.D. Miss. Oct. 25, 2001) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir.1995)). "In conducting this analysis, the court may refer to the types of claims alleged by the plaintiff, as well as the nature of the damages sought." *Id*.

Swanson requests damages for "physical pain and emotional distress" as well as punitive damages flowing from Hempstead's "willful, wanton, and contumacious conduct." This Court has held the amount in controversy is satisfied if the plaintiff has requested unspecified punitive damages, which is independently sufficient to satisfy this Court's jurisdictional limit. *See Id*. at *2 (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998)). Further, this Court has held "it is undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000." *Holmes v. Citifinancial Mortg. Co.*, 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006).

A defendant may remove to federal court within thirty days of receiving "other paper from which it may first be ascertained that the case is one w*hich is or has become removable*."

28 U.S.C. § 1442(b)(3) (emphasis added). A post-complaint demand letter can be considered "other paper" under 28 U.S.C. § 1442(b). *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000). Section 1442 is clear that an action may be removable at the time the complaint is filed, but such removability may not become apparent until "other paper" is received by the defendant. In Swanson's demand letter, she stated her personal injury claim could be settled for $110,000. This appears to be exactly the "other paper" which clarifies the removability of the action. However, Swanson asserts that because the demand included an alternative settlement offer of "policy limits," the amount in controversy is limited by Hempstead's bodily injury insurance limit. The Court is not persuaded. Hempstead's insurance policy does not limit the amount of damages a jury may award Swanson. The Court is not to determine what amount the parties may agree to in a settlement outside the courtroom under the constraints of the defendant's insurance policy. The Court is to determine the amount in controversy as determined by the relief sought in the complaint in conjunction with any "other paper" that may clarify the monetary value of the damages sought. 28 U.S.C. §1446(b)(3); *Addo*, 230 F.3d at 762. Therefore, the Court finds the $110,000 valuation of Swanson's claim to be a more accurate estimate of the true amount in controversy.

Having considered prior case law indicating that the damages alleged in the instant complaint routinely exceed $75,000 in conjunction with the $110,000 valuation of Swanson's personal injury damages, the Court finds by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal.

**B.      Swanson has not shown to a legal certainty that the amount in controversy is less than $75,000.**

Swanson's counsel attempts to show with legal certainty that the amount in controversy cannot exceed $75,000 by submitting an affidavit stating counsel will not on behalf of Swanson seek or accept a judgment against Hempstead for an amount greater than $75,000.  If a plaintiff "does not desire to try his case in federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Company*, 303 U.S. at 294.

However, the Fifth Circuit has ruled that stipulations that attempt to prevent removal must be filed prior to removal.  "'Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant.'" *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam)).   Swanson's counsel alleges he "believed this at the time of removal" indicating that Swanson was seeking less than $75,000 before Hempstead removed to this Court.  Even so, this Court has stated "[t]he court notes that such a binding stipulation or affidavit must be made by the plaintiff himself as opposed to his counsel since the plaintiff could hire different counsel and later seek more than $75,000." *Holmes*, 436 F. Supp. 2d at 832; *See also* Sci*rocco v. Ford Motor Co.*, No. 5:13-CV-128-KS-MTP, 2014 WL 5817543, at *2 (S.D. Miss. Nov. 10, 2014).  The affidavit of Swanson's counsel cannot and does not prevent Swanson from being awarded a judgment of greater than $75,000.  Therefore, the Court does not find to a legal certainty that the amount in controversy is less than $75,000.

6

## IV. CONCLUSION

For the foregoing reasons, the Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. Further, the Court does not find that a legal certainty exists that the amount in controversy is less than $75,000. Therefore, Swanson's *Motion to Remand* [5] is DENIED.

SO ORDERED this the 28th day of July, 2017.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**